Froessel, J. (dissenting).
I agree with the dissenting Justices in the Appellate Division. "Whether a particular dispute is within the compass of an arbitration clause, i.e., whether the parties have contracted to arbitrate that dispute, is of course an issue of law to be resolved by the court. There is a related but far more limited concept that “ a bona fide dispute is not raised with regard to the interpretation of * * * an agreement if the tendered issue involves the meaning of a provision which is ‘ beyond dispute ’. Such an issue raises a question of law to be determined preliminarily by the court, even though the alleged dispute may fall within the literal language of the arbitration agreement.” (Matter of Sarle [Sperry Gyroscope *997 Co.], 4 A D 2d 638, 641-642, and cases therein cited, affd. 4 N Y 2d 917; emphasis supplied.)
In the present case, the dispute as to petitioners’ right to additional compensation for the performance of certain excavation work is concededly within the compass of the arbitration clause, i.e., it is the type of dispute which the parties have agreed to resolve by arbitration. We are concerned solely with the narrowly circumscribed principle that the court will not compel parties to engage in an idle act by ordering them to arbitrate an issue, the answer to which is ‘ ‘ beyond dispute ’ ’, This latter principle must be applied with the greatest restraint and caution, lest we completely emasculate arbitration clauses, and displace the forum selected by the parties for the resolution of their disputes.
It is contended that only rock and concrete excavation which involved drilling or blasting was to constitute extra work requiring adjustment of the contract price. The “ question before us is not how we would decide the issue but whether there is any issue to decide ” (Matter of Spectrum Fabrics Corp. [Main St. Fashions], 285 App. Div. 710, 714, affd. 309 N. Y. 709; Matter of Uraga Dock Co. [Mediterranean & Oriental S. S. Corp.], 6 N Y 2d 773).
The definition clause of the contract states that rock excavation is the kind that requires drilling or blasting. Subsequent provisions dealing with extra charges state, in substance, that such extra charges shall be paid for rock excavation in accordance with paragraphs which follow. One of the following paragraphs, (8), describes certain work for which extra compensation shall be paid and includes “large boulders or old concrete * * * encountered in excavating, and * * * found difficult or impossible to remove * * * as a whole ”. As to such concrete and boulders, it is provided that they shall be “ either line-drilled and wedged or otherwise displaced and removed ” (emphasis supplied). It may reasonably be argued that these later provisions, which are more specific in nature, are an exception to and controlling over the general definition clause, and authorize extra compensation when large boulders or old concrete are otherwise displaced and removed, that is, without blasting or drilling. Surely, the intention of the- parties, as manifested by these provisions of the contract, is not ‘ ‘ beyond dispute ’ ’.
*998 I would reverse and remit the proceeding to Special Term, with a direction to enter an order compelling arbitration.
Order affirmed.